### HARRIS v. CITY OF SARATOGA SPRINGS.

(Supreme Court, Appellate Division, Third Department.   January 5, 1916.)

MUNICIPAL CORPORATIONS ☞294—WATER SYSTEM—ASSESSMENT—NOTICE OF HEARING—STATUTES.

Under a village charter, amended by Laws 1902, c. 506, § 33, to permit the sewer, water, and street commissioners, upon petition of a majority of the owners of realty, or without a petition, to extend the water or sewer system through any street and assess the cost as provided in the act, an owner was not entitled to notice of the time and place of hearing before the extension of the proposed sewer, as Village Law (Consol. Laws, c. 64) § 264, requiring such notice, was a re-enactment of Laws 1897, c. 414, and, by virtue of Laws 1909, c. 596, was deemed to have been enacted on the date when the original statute was passed, so that it was anterior to the village charter, and the charter prescribed the procedure.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 776–788, 791; Dec. Dig. ☞294.]

Appeal from Special Term, Saratoga County.

Action by John C. Harris against the City of Saratoga Springs. From a judgment upon the decision of the court dismissing his complaint, plaintiff appeals. Affirmed.

Argued before KELLOGG, P. J., and LYON, HOWARD, WOOD-WARD, and COCHRANE, JJ.

Salisbury & Rowe, of Saratoga Springs (G. R. Salisbury, of Saratoga Springs, of counsel), for appellant.
Harold H. Corbin, of Saratoga Springs, for respondent.

JOHN M. KELLOGG, P. J.   During the pendency of this action the village of Saratoga Springs has become a city.  The case is governed by the village charter, which, as amended by chapter 506 of the Laws of 1902, at section 33, permits the sewer, water, and street commissioners, upon the petition of a majority of the owners of real estate, or without a petition, to extend the water or sewer system through any street or portion of a street and assess the cost thereof as provided in the act, and contains within itself a complete system therefor.  The provisions of that statute were substantially observed in extending the sewer and levying the assessment upon the plaintiff's property.

It is urged, however, that section 264 of the Village Law, being chapter 64 of the Consolidated Laws, which requires a notice to be given to each property owner of the time and place of hearing, before the extension of the proposed sewer is decided upon, has not been complied with, and that the assessment is therefore void.  That section of the Village Law, as contained in the Consolidated Laws, was a re-enactment of section 264 of the former Village Law (chapter 414, Laws of 1897); and by virtue of chapter 596 of the Laws of 1909, prescribing the rules for the construction of the Consolidated Laws, it is to be deemed to have been enacted, not on the date when the Consolidated Laws were passed, but on the date when the original statute was passed, which would carry it back to the Laws of 1897, or any earlier date at which such enactment may be first found.  The provision, therefore, is not subsequent to, but is anterior to, the village charter, and the charter provision prescribes the procedure to be followed.

We have considered the other questions raised, and approve of the manner in which they were treated in the opinion of Justice Whitmyer at Special Term.  The judgment should therefore be affirmed, with costs.  All concur.